IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

CHINE ROGERS                        §
                                    §
v.                                  §      Case No. 2:21-cv-216-RSP
                                    §
COMMISSIONER, SOCIAL                §
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

On January 20, 2021, Administrative Law Judge Mary Abbondondelo issued a decision finding that Petitioner Chine Dianne Rogers was not disabled within the meaning of the Social Security Act from January 12, 2014 through the date of the decision. Ms. Rogers, who had just turned 50 and had two years of college resulting in certification as a nursing assistant, was found to be suffering from severe impairments consisting of degenerative disc disease of the cervical and lumbar spine, arthritis, fibromyalgia, and depression with anxiety. These impairments resulted in restrictions on her ability to work and she had not engaged in substantial gainful activity since January 12, 2014. Before that time she had been employed for 3 years as a breastfeeding peer counselor for Texas Public Health. Tr. 106. She was not able to return to that type of work.

After reviewing the medical records and receiving the testimony at the June 25, 2020 telephone hearing where Petitioner was represented by her attorney, Gregory R. Giles, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform less than sedentary work as defined in the regulations. Specifically, she found that Petitioner was able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk for two hours in an 8-hour workday. She can stoop two thirds of a workday, and occasionally crouch, crawl, and kneel. She can reach in all directions, handle, and

1

finger no more than two thirds of the workday. Finally, she can tolerate contact with supervisors, coworkers, and the public no more than two thirds of the workday.

Considering Petitioner's RFC, the ALJ relied upon the testimony of Vocational Expert Wilfred P. Roux and found that Petitioner had the residual functional capacity to perform certain jobs that exist in substantial numbers in the national economy, such as addresser clerk, charge account clerk, telephone order clerk. This resulted in a finding of not disabled. Petitioner appealed this finding to the Appeals Council, which denied review on May 25, 2021. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises three issues on this appeal:

1. The ALJ failed to conduct a proper analysis of Plaintiff's limited use of her left shoulder, arm and hands and did not address this in her hypothetical;
2. The ALJ erred in finding there was no evidence to support Plaintiff's diagnosis of fibromyalgia;
3. The ALJ's residual functional capacity assessment is not supported by the substantial evidence in this claim.

*Issue No. 1*:

The chief evidence that Petitioner relies upon for this issue is the March 11, 2021 report of a physical examination conducted by Dr. Dale E. Goins, M.D. on February 23, 2021. Tr. 16 – 19. Two things stand out about this report. First, the examination was conducted a month after the ALJ issued her decision on January 20, 2021. Second, the report does not identify her "left shoulder, arm and hands" as impaired. In fact, all five of the impairments that Dr. Goins identified (cervical disc disease, fibromyalgia, arthritis, depression, and anxiety) were the impairments found to be severe by the ALJ. Tr. 18. Dr. Goins did note work restrictions that were more limiting than those the ALJ set out in her RFC (such as limiting "prolonged" lifting or carrying to 5 pounds and requiring frequent breaks). Tr. 19. However, that makes the timing of the examination critical.

Petitioner sent Dr. Goins' records to the Appeals Council with her appeal of the ALJ's decision. The Council responded: "You submitted a record from Wadley Rural Health Clinic dated February 23, 2021 (8 pages). The Administrative Law Judge decided your case through January 20, 2021. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before January 20, 2021." Tr. 2. Furthermore, the Fifth Circuit has held that the Court is "constrained by the record which was available to the ALJ." *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). Accordingly, the Court cannot consider these records for the first time on this appeal.

Petitioner proceeds to identify medical records that she argues support her complaints of pain in her hands. Dkt. No. 17 at 7 – 10. However, the ALJ agreed that Petitioner has limitations on her use of her hands and arms, which is why the RFC limits the ability to "reach in all directions, handle, and finger" to only frequent, as opposed to continuous, activity. Tr. 28. Petitioner also relies upon the report of Dr. Jonathan Thomas, her rheumatologist, discussing whether she is developing polyclonal gammopathy. The December 12, 2019 report notes, however, that she "does not appear to have an active ongoing inflammatory connective tissue disease … Polyclonal gammopathy is very nonspecific and does not necessarily indicate an underlying problem." Tr. 1040.

Petitioner has not shown that the ALJ erred in her analysis of Petitioner's left shoulder, arm, and hands.

*Issue No. 2:*

This issue is harder to analyze. Petitioner argues that the ALJ "erred in finding there was no evidence to support Plaintiff's diagnosis of fibromyalgia." However, the ALJ determined that Petitioner had the severe impairment of fibromyalgia. Tr. 26. In the paragraph Petitioner quotes from the ALJ's decision, she did find that the fibromyalgia did not meet a Listing, which would have ended the analysis and resulted in a finding of disability. Tr. 27. But the ALJ noted that Petitioner had a "diagnosis of fibromyalgia." Tr. 26. Petitioner bears the burden of proof on a step three issue of whether she meets a Listing. Petitioner makes no argument, nor points to any evidence in the record, that even suggests she meets a Listing concerning fibromyalgia. The Court finds that this issue lacks merit.

4

*Issue No. 3:*

Petitioner begins her argument on this issue by quoting the first three paragraphs of the ALJ's analysis of her residual functional capacity. There are, however, another five pages of review of the medical records by the ALJ. Tr. 32-37. The Brief then has four pages of excerpts from the medical records, some of which are referred to by the ALJ in her opinion. Basically, the Petitioner is focused on the records that reflect Petitioner's symptoms and the ALJ is focusing on the examination findings that reflect less severity than the complaints. What is missing from the Brief in this section is any findings that clearly translate into functional limitations. These findings are later set out in two places cited by Petitioner. One is the March 2021 report of Dr. Goins, which was addressed above and came after the ALJ had already issued her decision. The other is the report of a nurse practitioner, Virginia Missildine, FNP. While the ALJ did assess the reports of Ms. Missildine, it is undisputed that she is not considered an "acceptable medical source" entitled to controlling weight by the Social Security regulations.

The Fifth Circuit has long held that "ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.1985). However, "[T]he ALJ has the sole responsibility for determining the claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir.1990). Thus, the Fifth Circuit has held that:

> "when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence."

5

*Scott v. Heckler*, 770 F.2d 482 at 485 (5th Cir. 1985). Even though Ms. Missildine is not a treating physician, the ALJ treated her as a "treating primary care provider" and reviewed her opinions accordingly.

On April 11, 2017, Ms. Missildine filled out a Medical Opinion form sent to her by counsel. Tr. 762. On this checklist, she noted that Petitioner was limited to only occasional lifting of 10 pounds, and could only stand and walk for two hours and sit for less than two hours in a workday. She also opined that a break would be needed every hour, and Petitioner could "never" do fingering or feeling. Tr. 762-763. These findings would preclude all employment. A second such form was filled out on May 14, 2018, with slightly different limitations (occasionally lift/carry 20 pounds) but also precluding even sitting for two hours in a workday. Tr. 903-906. Later, on September 7, 2018, Ms. Missildine filled out a different form (Texas Health and Human Services Physician's Statement) indicating that Petitioner was unable to work but "the disability is not permanent and is expected to last more than 6 months." Tr. 907.

As the ALJ pointed out, and Petitioner does not refute, Ms. Missildine never relied upon her own examination of Petitioner, never cited any objective evidence, and appeared to be relying on Petitioner's subjective complaints. The ALJ contrasted Ms. Missildine's opinions with Petitioner's normal gait without assistive devices, no decrease in grip strength and motor strength and the absence of muscle atrophy. Even if the nurse practitioner were deemed to be a treating physician, the ALJ has articulated sufficient cause to discount the opinion of disability.

The ALJ also relied upon the activities of daily living reported by Petitioner. Tr. 30. She noted the ability to transport her children to and from school, cook for the family, perform grocery shopping, doing the dishes, sweeping and mopping. Tr. 109. The ALJ also noted that in November

6

2017, the same time when Ms. Missildine opined complete disability, Petitioner took a volunteer job at the elementary school her children attended. Tr. 829. The ALJ's determination of residual functional capacity was supported by substantial evidence in this record.

*Conclusion:*

There is evidence of serious impediments to work functions in this record. But the ALJs determination that Petitioner has the capacity to perform a restricted group of sedentary jobs is supported by the kind of weighing of evidence that is the province of the ALJ. Having determined that the decision of the Commissioner is supported by substantial evidence, the ruling below is affirmed and this action will be dismissed with prejudice.

THUS DONE AND SIGNED this 30th day of September, 2022.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE